IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 17-cv-00647-PAB

NEAL H. GALLEGOS,

    Plaintiff,

v.

NANCY A. BERRYHILL, Acting Commissioner of the Social Security Administration,

    Defendant.
_____

**ORDER**
_____

This matter comes before the Court on the Complaint and Petition to Review [Docket No. 1] filed by plaintiff Neal H. Gallegos on March 10, 2017. Plaintiff seeks review of the final decision of defendant Nancy A. Berryhill (the "Commissioner") denying his claim for disability insurance benefits under Title II of the Social Security Act (the "Act"), 42 U.S.C. §§ 401-433, and for supplemental security income under Title XVI of the Act, 41 U.S.C. §§ 1381-1383c. The Court has jurisdiction to review the Commissioner's final decision under 42 U.S.C. § 405(g).[1]

**I. BACKGROUND**

On February 26, 2014, plaintiff applied for disability insurance benefits under Title II of the Act and supplemental security income under Title XVI of the Act. R. at 130. Plaintiff alleged that he was disabled as of July 29, 2013. *Id*. After an initial administrative denial of his claim, plaintiff received a hearing before an Administrative

---

[1] The Court has determined that it can resolve the issues presented in this matter without the need for oral argument.

Law Judge ("ALJ") on December 15, 2015. *Id*. On February 18, 2016, the ALJ issued a decision denying plaintiff's claim. R. at 140. The ALJ found that plaintiff had the following severe impairments: diabetes mellitus, obesity, and status-post surgical correction of a left lower extremity fracture. R. at 132. The ALJ concluded that these impairments, alone or in combination, did not meet one of the regulations' listed impairments. R. at 134. The ALJ ruled that plaintiff had the residual functional capacity ("RFC") to

> perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except the claimant has additional limitations. He cannot kneel, crawl, or climb ladders or scaffolds or work at unprotected heights or with dangerous, unprotected machinery. He can occasionally crouch, stoop, and climb ramps and stairs. He is limited to simple, routine, and repetitive work with a maximum Specific Vocational Preparation (SVP) of two. He is limited to simple, work-related decisions.

R. at 135. In determining the RFC, the ALJ considered but granted little weight to the opinion of Dr. Kimberlee Terry, the state agency medical consultant, who concluded that the plaintiff could only perform "sedentary" work. R. at 137-38. Based upon this RFC and in reliance on the testimony of a vocational expert ("VE"), the ALJ concluded that plaintiff is capable of performing jobs that exist in significant numbers in the national economy. R. at 139-40. Specifically, the VE identified three positions that plaintiff could perform: price marker, hand packager, and cashier. *Id*. Each of these positions is performed at a light exertional level and is classified as unskilled, with a specific vocational preparation level of two. *Id*. The ALJ found that there are approximately 10,010 jobs in Colorado and 696,000 jobs nationwide in these positions. R. at 139-40. The VE also identified three positions that plaintiff could perform at the sedentary exertional level: addresser, surveillance system monitor, and telephone clerk.

2

R. at 140. The ALJ found that there are approximately 260 jobs in Colorado and 15,000 jobs nationwide in these positions. *Id*.

On January 6, 2017, the Appeals Council denied plaintiff's request for review of the ALJ's denial of his claim. R. at 1. Given the Appeals Council's denial, the ALJ's decision is the final decision of the Commissioner.

## II. STANDARD OF REVIEW

Review of the Commissioner's finding that a claimant is not disabled is limited to determining whether the Commissioner applied the correct legal standards and whether the decision is supported by substantial evidence in the record as a whole. *See Angel v. Barnhart*, 329 F.3d 1208, 1209 (10th Cir. 2003). The district court may not reverse an ALJ simply because the court may have reached a different result based on the record; the question instead is whether there is substantial evidence showing that the ALJ was justified in her decision. *See Ellison v. Sullivan*, 929 F.2d 534, 536 (10th Cir. 1990). "Substantial evidence is more than a mere scintilla and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Flaherty v. Astrue*, 515 F.3d 1067, 1070 (10th Cir. 2007). Moreover, "[e]vidence is not substantial if it is overwhelmed by other evidence in the record or constitutes mere conclusion." *Musgrave v. Sullivan*, 966 F.2d 1371, 1374 (10th Cir. 1992). The district court will not "reweigh the evidence or retry the case," but must "meticulously examine the record as a whole, including anything that may undercut or detract from the ALJ's findings in order to determine if the substantiality test has been met." *Flaherty*, 515 F.3d at 1070. Nevertheless, "if the ALJ failed to apply the correct legal test, there is a

ground for reversal apart from a lack of substantial evidence." *Thompson v. Sullivan*, 987 F.2d 1482, 1487 (10th Cir. 1993).

## III. THE FIVE-STEP EVALUATION PROCESS

To qualify for disability benefits, a claimant must have a medically determinable physical or mental impairment expected to result in death or last for a continuous period of twelve months that prevents the claimant from performing any substantial gainful work that exists in the national economy. 42 U.S.C. § 423(d)(1)-(2). Furthermore,

> [a]n individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

42 U.S.C. § 423(d)(2)(A) (2006). The Commissioner has established a five-step sequential evaluation process to determine whether a claimant is disabled. 20 C.F.R. § 404.1520; *Williams v. Bowen*, 844 F.2d 748, 750 (10th Cir. 1988). The steps of the evaluation are:

> (1) whether the claimant is currently working; (2) whether the claimant has a severe impairment; (3) whether the claimant's impairment meets an impairment listed in appendix 1 of the relevant regulation; (4) whether the impairment precludes the claimant from doing his past relevant work; and (5) whether the impairment precludes the claimant from doing any work.

*Trimiar v. Sullivan*, 966 F.2d 1326, 1329 (10th Cir. 1992) (citing 20 C.F.R. § 404.1520(b)-(f)). A finding that the claimant is disabled or not disabled at any point in the five-step review is conclusive and terminates the analysis. *Casias v. Sec'y of Health & Human Servs.*, 933 F.2d 799, 801 (10th Cir. 1991).

The claimant has the initial burden of establishing a case of disability. However, "[i]f the claimant is not considered disabled at step three, but has satisfied her burden of establishing a prima facie case of disability under steps one, two, and four, the burden shifts to the Commissioner to show the claimant has the residual functional capacity (RFC) to perform other work in the national economy in view of her age, education, and work experience." See Fischer-Ross v. Barnhart, 431 F.3d 729, 731 (10th Cir. 2005); see also Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987). While the claimant has the initial burden of proving a disability, "the ALJ has a basic duty of inquiry, to inform himself about facts relevant to his decision and to learn the claimant's own version of those facts." Hill v. Sullivan, 924 F.2d 972, 974 (10th Cir. 1991).

## IV. DISCUSSION

Plaintiff claims that the ALJ erred by: (1) failing to adequately explain why she assigned little weight to the opinions of Kimberlee Terry, M.D., the state agency reviewing physician, on plaintiff's physical limitations; and (2) failing to make any factual findings supporting the conclusion that sedentary jobs existed in the national economy in significant numbers. Docket No. 19 at 17, 20. The Court first addresses whether the ALJ gave good reasons for assigning little weight to Dr. Terry's opinion.

When evaluating the opinion of any medical source, an ALJ must consider:

> (1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (3) the degree to which the physician's opinion is supported by relevant evidence; (4) consistency between the opinion and the record as a whole; (5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (6) other factors brought to the ALJ's attention which tend to support or contradict the opinion.

*Kellams v. Berryhill*, 696 F. App'x 909, 917 (10th Cir. 2017) (citing *Goatcher v. U.S. Dep't of Health & Human Servs.*, 52 F.3d 288, 290 (10th Cir. 1995)); *see also* 20 C.F.R. § 404.1527(c). If an ALJ rejects an opinion, he "must provide specific, legitimate reasons for rejecting it." *Chapo v. Astrue*, 682 F.3d 1285, 1291 (10th Cir. 2012) (internal quotation marks omitted).

On August 11, 2014, Dr. Terry completed a "Disability Determination Explanation" of plaintiff. R. at 182-92. After reviewing plaintiff's medical records, she concluded that "his combined impairments would be significantly limiting" and gave plaintiff a "[s]edentary RFC." R. at 189-191. The ALJ gave Dr. Terry's opinions "little weight," explaining that "the claimant's demonstrations of intact strength and movement contradict Dr. Terry's finding of a sedentary restriction." R. at 138.

Plaintiff argues that the ALJ's rationale for assigning little weight to Dr. Terry's opinion is vague and is not justified by evidence in the record. Docket No. 19 at 17. Defendant does not dispute plaintiff's characterization, responding only that "no reasonable factfinder could have found that [p]laintiff was disabled." Docket No. 20 at 5.

The Court agrees with plaintiff. The ALJ's rationale for assigning little weight to Dr. Terry's conclusions regarding plaintiff's physical limitations is not supported by "specific, legitimate reasons" supported by the record. *See Chapo*, 682 F.3d at 1291. The ALJ's rationale is that plaintiff demonstrated "intact strength and movement" that contradict Dr. Terry's report, R. at 138, but the ALJ fails to explain how Dr. Terry's opinions were inconsistent with the medical evidence. *See Kellams,* 696 F. App'x at

6

917-18 (unpublished) (concluding that an ALJ erred in rejecting a medical opinion when the ALJ did not cite inconsistent exam findings or explain how the opinion was inconsistent). Further, the ALJ relies on exhibits, specifically Exhibits 4F-8F, that do not support her conclusion. R. at 138. Exhibits 4F does not relate to the time period when plaintiff alleges that he became disabled. *See* R. at 449-475. Exhibit 8F is composed primarily of medical records detailing plaintiff's medications and blood test results. *See* R. at 526-565. And Exhibits 5F-7F contain a collection of treatment records that, if anything, support a finding that plaintiff had limited mobility. *See, e.g.*, R. at 495 (noting that plaintiff had a "limp and requires a cane"), 499 (noting that plaintiff's "mobility ha[d] almost been nil"), 506 (noting plaintiff's "limited movement w/ his orthopedic issues"). Given that this evidence is the entirety of her rationale for assigning little weight to Dr. Terry's report, the ALJ has not provided "specific, legitimate reasons" why she assigned little weight to Dr. Terry's opinion. *See Chapo*, 682 F.3d at 1291.

Defendant argues that this is harmless error because, even accepting Dr. Terry's conclusion that plaintiff's RFC was "sedentary" work rather than "light" work, the ALJ found that there were 15,000 "sedentary" jobs existing in the national economy that plaintiff could perform. *See* Docket No. 20 at 5-7. The Court disagrees on whether this was harmless error. A determination of harmless error is appropriate "where, based on material the ALJ did at least consider (just not properly), we could confidently say that no reasonable administrative factfinder, following the correct analysis, could have resolved the factual matter in any other way." *See Allen v. Barnhart*, 357 F.3d 1140, 1145 (10th Cir. 2004). However, "there is no bright-line answer to how many jobs are

enough for a court to say, as a matter of law, that the number is significant." *See Evans v. Colvin*, 640 F. App'x 731, 735-36 (10th Cir. 2016) (unpublished). Several factors go into the evaluation of whether a number of jobs is significant, including:

> the level of claimant's disability; the reliability of the vocational expert's testimony; the distance claimant is capable of travelling to engage in the assigned work; the isolated nature of the jobs; the types and availability of such work, and so on.

*Trimiar v. Sullivan*, 966 F.2d 1326, 1330 (10th Cir. 1992).

Here, the Court does not have sufficient information in the record to conclude that this is harmless error. The ALJ made no reference to the *Trimiar* factors in either the transcript or in the decision. *See* R. 130-40, 147-78. Given that, the Court cannot "confidently say that no reasonable administrative factfinder" would conclude a total of 260 sedentary jobs in Colorado and 15,000 existing in the national economy is a significant number of jobs. Because the ALJ did not provide legitimate reasons for rejecting Dr. Terry's opinions, and the Court cannot conclude that the error was harmless, the Court will reverse and remand. *See Watkins v. Barnhart*, 350 F.3d 1297, 1301 (10th Cir. 2003).[2]

## V. CONCLUSION

For the foregoing reasons, it is

**ORDERED** that the decision of the Commissioner that plaintiff is not disabled is

---

[2] Defendant raises a separate argument that the medical vocational guidelines (the "Grids") separately direct a finding of nondisability. Docket No. 20 at 7-8. However as the ALJ did not rely on the Grids as a rationale for finding plaintiff not disabled, the Court must reject defendant's argument. *See Stookey v. Colvin*, 2014 WL 3611666, at *4 (D. Kan. July 22, 2014) (citing *Grogan v. Barnhart*, 399 F.3d 1257, 1263 (10th Cir. 2005)).

**REVERSED** and **REMANDED** for further proceedings consistent with this order.

DATED March 31, 2019.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
Chief United States District Judge